**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUN WANG; LONGFA HONG; JIANGTAO HONG, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 07-72106 <br><br> Agency Nos. A076-373-974 <br> A076-373-973 <br> A076-373-975 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Yun Wang and her family, natives and citizens of China, petition for review

of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from

an immigration judge's ("IJ") decision denying their application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). We grant the petition for review and remand.

The IJ determined Wang failed to establish extraordinary circumstances excusing her untimely-filed asylum application because she did not file "within a very short period of time after the expiration of her status." This is an incorrect application of 8 C.F.R. § 1208.4(a) (5)(iv) (extraordinary circumstances includes maintenance of lawful status until a "reasonable period" before filing the asylum application); *see Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008) (six-month period is a "presumptive deadline" applied in the absence of any special considerations); *see also Wakkary v. Holder*, 558 F.3d 1049, 1056-59 (9th Cir. 2009). Accordingly, we grant and remand Wang's asylum claim.

Substantial evidence does not support the IJ's adverse credibility determination. *See Tekle*, 533 F.3d at 1055-56. The inconsistency regarding Wang's age at the time of the merits hearing is minor and does not got to the heart of her claim. *See Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir. 2004). The IJ's omission finding is not supported because Wang provided a reasonable explanation why this was a minor omission. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091-92 (9th Cir. 2009) (rejecting inconsistency when petitioner offered an explanation, and the agency did not address the explanation in a reasoned manner). Finally, the

possible inconsistency between Wang's testimony regarding her date of departure from China and the date on her airline ticket receipt was both minor and based on impermissible speculation. *See Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000) ("speculation and conjecture cannot form the basis of an adverse credibility finding").

To the extent the BIA relied on the remainder of the IJ's adverse credibility findings, those findings are also not supported by substantial evidence because they are based on minor inconsistencies or on impermissible speculation. *See Li v. Holder*, 559 F.3d 1096, 1102-03 (9th Cir. 2009).

Accordingly, we grant the petition for review and remand for the agency to consider Wang's asylum and withholding of removal claims, taking her testimony as true. *See Soto-Olarte*, 555 F.3d at 1093-96; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**